People v Manning (2026 NY Slip Op 00408)

People v Manning

2026 NY Slip Op 00408

Decided on January 29, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 29, 2026

CR-23-0644
[*1]The People of the State of New York, Respondent 
vJahmere Manning, Appellant.

Calendar Date:January 2, 2026

Before:Garry, P.J., Aarons, Pritzker, McShan and Corcoran, JJ.

Catherine A. Barber, Guilderland, for appellant.
Lee C. Kindlon, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Roger McDonough, J.), rendered December 9, 2022 in Albany County, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
Defendant was charged in a seven-count indictment with offenses relating to an incident on the afternoon of May 3, 2021, when he and an accomplice fired multiple gunshots toward a residence in the City of Albany. The victim was struck in the hail of gunfire and died. In full satisfaction of the indictment and other pending charges, defendant pleaded guilty to one count of murder in the second degree upon the understanding that he would be sentenced to 20 years to life in prison. The agreement required defendant to waive his right to appeal and, during the plea proceedings, he agreed to do so orally and in writing. Supreme Court thereafter imposed the agreed-upon sentence. Defendant appeals.
We affirm. Defendant's challenge to the validity of his appeal waiver is unpersuasive. His "combined oral and written waiver are substantially similar to those that we recently found to be valid," and our review of the plea colloquy and the detailed written waiver, which he executed in open court after consultation with counsel, confirms that he made a knowing, intelligent and voluntary decision to waive his right to appeal (People v Lane, 233 AD3d 1207, 1208-1209 [3d Dept 2024], lv denied 43 NY3d 945 [2025]; see People v Moses, 236 AD3d 1201, 1201-1202 [3d Dept 2025]; People v Joseph, 227 AD3d 1233, 1234-1235 [3d Dept 2024], lv denied 42 NY3d 1053 [2024]). Defendant's suggestion that his "waiver cannot apply to his [further] challenge to the severity of the sentence because he was not specifically advised at the time of his plea of the maximum sentence he could face" is belied by the record and would, in any event, be meritless because "there [was] a specific sentence promise at the time of the waiver" that was honored (People v Grant, 294 AD2d 671, 672 [3d Dept 2002], lv denied 98 NY2d 730 [2002]; see People v Lococo, 92 NY2d 825, 827 [1998]; People v Fusco, 74 AD3d 1583, 1584 [3d Dept 2010], lv denied 15 NY3d 851 [2010]; compare People v Bowden, 177 AD3d 1037, 1039 [3d Dept 2019], lv denied 34 NY3d 1157 [2020]). As a result, his valid appeal waiver precludes his challenge to the severity of the agreed-upon sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Sealey, 234 AD3d 1184, 1185 [3d Dept 2025]; People v Joseph, 227 AD3d at 1234).
Garry, P.J., Aarons, Pritzker, McShan and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.